UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MELINDA DUBRAY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 4:18CV1281 CDP |
| AMCOL SYSTEMS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Melinda Dubray's motion to consolidate this action brought under the Fair Debt Collection Practices Act (FDCPA) with another FDCPA action brought against the same defendant. For the following reasons, the motion is denied.

### Background

Dubray seeks consolidation of this action with *Roberts v. Amcol Sys., Inc.*, Case No. 4:18CV1346 JCH (E.D. Mo.). Each case arises out of alleged violations of the FDCPA, 15 U.S.C. §§ 1692, *et seq.*, and names Amcol Systems, Inc., as defendant. The allegations of each case arise out of a collection letter the respective plaintiffs received from Amcol, and information provided by Amcol during follow-up telephone calls.

In the case pending before me, the *Dubray* case, Dubray alleges that Amcol

sent her a collection letter regarding a $718 hospital bill, which Dubray thought had been fully paid by insurance and copay. During a later telephone call on the matter, Amcol stated a lesser amount owing than what was represented in the letter, told Dubray that the amount was due immediately, and implied that the account would be reported to a credit agency if not paid that day. Amcol also informed Dubray that she had several other accounts but did not tell her what balance(s) were owed on those alleged accounts. In her complaint, Dubray claims that Amcol falsely represented the debt and overshadowed her dispute rights in violation of 15 U.S.C. §§ 1692e, 1692g.

The plaintiff in *Roberts* claims that Amcol sent her a collection letter regarding a $20,472 bill for medical services. When Roberts called to inquire about the debt, Amcol advised that the total balance owed was $20,681, that she had several other accounts, and that she owed over $14,000 on another account. Amcol would not provide any other information to Roberts regarding the other alleged accounts or the balance(s) owed. When Amcol asked Roberts if she would like to set up a payment plan, Roberts responded that she would review her finances and call back later. However, Amcol continued to press Roberts to set up a payment plan. In her complaint, Roberts claims that Amcol falsely represented her debt and overshadowed her dispute rights in violation of 15 U.S.C. §§ 1692e, 1692g.

Dubray claims that the two actions involve similar conduct and are based on nearly-identical theories. She also contends that the discovery requests and communications in both cases show that the same issues will be raised. Dubray therefore argues that consolidation would be more convenient and will promote judicial economy in the administration of the cases. According to Dubray, Roberts consents to consolidation.

**Legal Standard**

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" The purpose of consolidation is to foster convenience and economy in administration. *Thompson v. City of St. Peters*, No. 4:15CV404 RLW, 2016 WL 1625373, at *1 (E.D. Mo. Apr. 21, 2016).

I am not required to order consolidation under Rule 42(a) merely because a common question is present. 9A Wright & Miller, Fed. Prac. & Proc. Civ. § 2383 (3d ed. 2010). Indeed, I have broad discretion in deciding whether to order consolidation, *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994), and there are many reasons why I may deny a request to consolidate separate cases, including

> if the common issue is not central to the resolution of the cases, or if consolidation will cause delay in the processing of one or more of the individual cases, or will lead to confusion or prejudice in the effective management or trial of one or more of the cases.

*Nekouee v. LVP DePaul, LLC*, No. 4:17-CV-01465-SPM, 2018 WL 3971951, at *2 (E.D. Mo. Aug. 20, 2018) (internal quotation marks and citations omitted).

"The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the Court must examine the special underlying facts with close attention before ordering a consolidation." *Nekouee*, 2018 WL 3971951, at 2 (internal quotation marks and citations omitted).

**Discussion**

Dubray has not met her burden of showing that consolidation is appropriate in the circumstances of these cases.

While both cases involve the same defendant and the same general cause of action, each involves a different plaintiff seeking relief based on different facts. The claims raised in these cases are premised on two different letters and at least two different telephone calls with different information conveyed regarding different alleged debts. In these circumstances, it seems apparent that consolidation of these claims would do more to introduce the potential of confusion than it would diminish it. As these cases do not involve the same plaintiff, the same facts, or even necessarily the same collection letters, I cannot say that the purpose of consolidation to foster convenience and economy in administration would be met here. In fact, to permit consolidation in these or other similarly dissimilar cases would run the risk of creating one omnibus FDCPA

action merely because of general legal theories that are common in FDCPA cases.

In addition, permitting these cases to proceed separately does not risk prejudice to the parties or the potential for inconsistent verdicts, as each case is independent of the other and is based on independent, identifiable conduct giving rise to alleged violations of the FDCPA. Nor do the potential costs and burdens on the parties, witnesses, and the Court in conducting separate trials outweigh the potential for confusion that could result from combining these cases.

Because consolidation presents a risk for confusion, prejudice, and potential harm that outweighs any possible gain in efficiency and convenience, I will deny the motion to consolidate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Melinda Dubray's Motion to Consolidate [17] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2018.